Filed 2/4/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DEMIDRICK DAVYON CHATMAN,<br><br>    Defendant and Appellant. | F087868<br><br>(Super. Ct. No. VCF342487)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Tulare County. Nathan G. Leedy, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Kari Ricci Mueller, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Defendant Demidrick Davyon Chatman used a prepared form to file with the superior court in March 2024 a "Request for Recall of Sentence and Resentencing" pursuant to Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill 600) and

Penal Code Section 1172.1. (Undesignated statutory references are to the Penal Code.) In an order dated March 5, 2024, the court denied the petition in a written order which stated: "The court lacks jurisdiction to resentence [defendant]."

Defendant now appeals from the order denying his petition for recall of sentence and resentencing. He contends the order denying his petition constitutes an appealable order and the trial court erroneously concluded it lacked jurisdiction to resentence him. He concludes the matter must be remanded so the court may exercise its informed discretion.

We agree with defendant's contentions and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2017, defendant pleaded no contest to attempted second degree robbery (§§ 664, 211; count 1) and special allegations he personally and intentionally discharged a firearm during the commission of the offense (§ 12022.53, subd. (c)), that caused the offense to become a serious and violent felony (§§ 1192.7, subd. (c)(8), 667.5, subd. (c)(8)), and he personally used a firearm during the commission of the offense (§ 12022.53, subd. (b)). He also pleaded no contest to misdemeanor resisting or obstructing or delaying a peace officer (§ 148, subd. (a)(1); count 3) and misdemeanor hit and run (Veh. Code § 20002, subd. (a); count 4). And he pleaded guilty to assault with a firearm (§ 245, subd. (a)(2); count 2) and admitted he personally used a firearm during the commission of the offense (§ 12022.5, subd. (a)). Defendant further admitted he had suffered a prior strike conviction that qualified as a prior serious felony (§ 667, subd. (a)(1)).

The court sentenced defendant in October 2017 to 32 months on count 1 (the mitigated term, doubled), plus a consecutive 20-year term for the section 12022.53, subdivision (c) firearm enhancement and a consecutive five-year term for the prior serious felony enhancement (§ 667, subd. (a)(1)), for a total term of 27 years 8 months. It

2.

also sentenced defendant to a concurrent term of eight years on count 2 (the aggravated term, doubled), plus an additional and consecutive term of 10 years pursuant to section 12022.5, subdivision (a). The court did not impose time on counts 3 and 4. It imposed a $10,000 restitution fine (§ 1202.4), a $10,000 parole revocation fine (§ 1202.45), a court assessment fee of $80, and a $60 criminal conviction fee.

In January 2019, defendant filed a "Motion for the Disposition of Restitution," asking the court to reconsider the imposed restitution fine and arguing it should consider his ability to pay. The court denied the motion. In October 2023, defendant filed a petition for resentencing pursuant to section 1172.6. The court denied the petition on the grounds defendant failed to state a prima facie case for eligibility because he did not allege nor did the record show he was convicted of or charged with murder, attempted murder, or manslaughter.

Thereafter, in March 2024, defendant filed a "Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1" using a prepared form. Under a section titled "Statement of Eligibility," defendant checked boxes asserting he was eligible for consideration of a new sentence under Assembly Bill 600 and section 1172.1 because of changes in the law to section 1385 (amended in 2022 by Sen. Bill No. 81), sections 1170 and 1170.1 (amended in 2022 by Sen. Bill No. 567), and section 667, subdivision (a)(1) (amended in 2019 by Sen. Bill No. 1393). He also checked a box marked "Other" and wrote a note that section 12022.53 had changed (as amended in 2018 by Sen. Bill No. 620). He asserted it was in the interest of justice that his sentence be recalled. He noted the nature of his convictions, enhancements, and sentence, and he asserted he qualified for discretionary relief under Assembly Bill 600. He stated he had "attended many self-help support groups and is still in education" and "can provide the necessary documents upon request." He also stated, "[Assembly Bill] 600 authorizes a court appointed counsel to represent defendant who is eligible for resentencing."

3.

The court issued an order dated March 5, 2024, in which it denied the petition. The order stated: "The court lacks jurisdiction to resentence [defendant]."

Defendant then filed an identical "Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1," on March 21, 2024. The court denied that request the same day without further explanation.

## DISCUSSION

Defendant appeals from the court's March 5, 2024, order denying his petition for recall of sentence and resentencing pursuant to Assembly Bill 600 and section 1172.1. He contends the order is appealable and the court abused its discretion in concluding it lacked jurisdiction to resentence him. As will be discussed *post*, we conclude defendant's contentions have merit and remand is required.

## I. Section 1172.1

Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; accord, *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) To obtain resentencing on a final judgment, a defendant must file a petition for writ of habeas corpus (see *In re G.C.* (2020) 8 Cal.5th 1119, 1130), or proceed by way of a special statutory procedure (e.g., §§ 1170.18, 1170.91, 1172.1, 1172.2, 1172.6, 1172.7, 1172.75). (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1119.)

Section 1172.1 (former § 1170, subd. (d)) provides an exception to the general rule that a trial court loses jurisdiction once execution of sentence has begun by authorizing a recall and resentencing procedure that may be invoked when, for example, the Secretary of the Department of Corrections and Rehabilitation (CDCR) recommends resentencing. (§ 1172.1, subd. (a)(1); *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) Assembly Bill 600 amended section 1172.1 to allow a court to now resentence a defendant "on its own motion" when "applicable sentencing laws at the time of original sentencing are

4.

subsequently changed by new statutory authority or case law." (See § 1172.1, subd. (a)(1); as amended by Stats. 2023, ch. 446, § 2.) Accordingly, effective January 1, 2024, section 1172.1, subdivision (a) provides the court may, "*on its own motion, … at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law,*" "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (Italics added.)

## II.     Trial Court's Order Denying Section 1172.1 Relief Is an Appealable Order

In this appeal, the parties first dispute whether the order upon which this appeal is based, is appealable. We conclude the court's March 5, 2024, order is an appealable order.

### A.     Applicable Law

""""It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." [Citations.]'" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Section 1172.1 does not address whether a trial court's denial of a defendant's request for recall and resentencing under the section is appealable. However, section 1237, subdivision (b) "provides that a defendant may appeal from 'any order made after judgment, affecting the substantial rights of the party.'" (*Teal v. Superior Court*, at p. 598.)

Before the parties filed briefing in this matter, we issued an order directing them to address "whether the trial court had jurisdiction to rule on defendant's section 1172.1 petition below and whether the court's order on defendant's petition for relief in the above entitled matter is an appealable postjudgment order that affects appellant's substantial rights." We specifically directed the parties to address the California Supreme Court's opinion in *People v. Loper* (2015) 60 Cal.4th 1155 in their discussion regarding appealability.

5.

**B.      Analysis**

Defendant asserts, when the trial court denied his request for resentencing, "the court unquestionably had the authority to recall [his] sentence on its own motion under … section 1172.1, subdivision (a)(1)." He acknowledges section 1172.1, subdivision (c) as amended by Assembly Bill 600 expressly states "[a] defendant is not entitled to file a petition seeking relief from the court under this section," and a court is not required to respond to such a request. He further concedes that if the court had chosen not to respond to his request, he could not appeal. However, he asserts, "the Superior Court denied the motion because it believed it lacked jurisdiction to recall the sentence—which, is plainly not true." And, he argues, "[a]n order based on an incorrect interpretation of applicable law can and must be appealable." Citing *People v. Loper*, *supra*, 60 Cal.4th at pages 1166–1167, he contends the court's denial of his request for relief constituted an order after judgment affecting his substantial rights even though he was not statutorily authorized to file a petition to recall his sentence. The People agree that section 1172.1 confers jurisdiction on the superior court to initiate recall and resentencing proceedings on its own motion where "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." But, they argue, defendant's "improper attempt to initiate proceedings under the statute was not an appealable order affecting his substantial rights." They assert the court's order denying defendant's request for relief on the ground it lacked jurisdiction to resentence defendant reflected the court understood defendant was statutorily unauthorized to initiate recall and resentencing proceedings and the court "decline[d] to exercise its independent authority to do what [defendant] could not." They contend *Loper* is distinguishable from the instant matter because, unlike in *Loper*, here, the recall and resentencing proceedings were not properly initiated. They contend the appeal should be dismissed because the trial court's denial of defendant's request for relief pursuant to section 1172.1 is not an appealable order. We agree with defendant.

Initially, as discussed, section 1172.1 now provides a court with jurisdiction to recall and resentence a defendant on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) And, as detailed in defendant's request for recall and resentencing pursuant to section 1172.1, several applicable sentencing laws that applied during his original sentencing have changed as a result of new statutory authority or case law. Thus, here, the court necessarily had jurisdiction to resentence defendant on its own motion when it denied defendant's request for relief. That is, the amended law provided the court with authority to resentence defendant, though the statute does not require it to do so.

It is true section 1172.1 expressly provides that a defendant "is not entitled to file a petition seeking relief from the court under this section." (§ 1172.1, subd. (c).) But our court has previously held a defendant's filing of a procedurally unauthorized motion for recall and resentencing does not deprive a trial court of the jurisdiction to resentence a defendant otherwise afforded to it by statute. (*People v. Cota* (2023) 97 Cal.App.5th 318, 333 [concluding where CDCR identifies defendant as eligible for resentencing pursuant to § 1172.75, defendant's unauthorized motion seeking relief under that statute does not deprive court of jurisdiction to recall and resentence that was afforded to it by CDCR's identification].) Accordingly, it follows that, though section 1172.1 expressly provides that "[a] defendant is not entitled to file a petition seeking relief from the court under this section" and "the court is not required to respond" (*id.*, subd. (c)) to such a request for relief, the filing of an unauthorized petition for relief pursuant to section 1172.1 does not deprive the court of the jurisdiction to resentence a defendant otherwise afforded to it by this section. (See § 1172.1, subd. (a).)

Although the trial court had no duty to rule on defendant's request for relief under the plain language of section 1172.1, the court here chose to act by issuing an order denying defendant's request for relief on the grounds it lacked jurisdiction to resentence.

For the reasons that follow, we conclude the court's resulting March 5, 2024, order denying defendant's section 1172.1 request for recall and resentencing pursuant to Assembly Bill 600 and section 1172.1 is an appealable order.

In *People v. Loper*, *supra*, 60 Cal.4th 1155, the California Supreme Court held an inmate could appeal the denial by the superior court of compassionate release when the proceeding was properly initiated by prison or parole authorities as required by law, even though the defendant was not the moving party. (*Id*. at p. 1158.) In concluding the resulting order was an appealable order, the *Loper* court rejected, in part, the People's argument that "a party must have standing to bring a motion before being able to appeal an adverse decision on that motion." (*Id*. at p. 1165.) The *Loper* court reasoned "section 1237, subdivision (b) is not tied to standing or the identity of the moving party. Instead it permits a party to appeal '*any* order' (italics added) made after judgment if it affects that party's 'substantial rights.'" (*Id*. at p. 1162.) It concluded "the plain meaning of section 1237's use of the phrase 'any order' shows the Legislature did not intend to limit appealability to parties who had standing to bring the original motion." (*Ibid.*) The *Loper* court held the trial court's denial of compassionate release was an order made after judgment that affected the defendant's substantial rights; thus, his appeal was authorized by section 1237, subdivision (b), and the Court of Appeal improperly dismissed the appeal. (*Id*. at p. 1168.)

Notably, in reaching its decision and distinguishing the cases relied upon by the respondent, the court referenced its conclusion in *People v. Carmony* (2004) 33 Cal.4th 367, which involved a trial court's power to dismiss a strike conviction pursuant to section 1385. (*People v. Loper*, *supra*, 60 Cal.4th at p. 1167, discussing *Carmony,* at p. 375.) The *Carmony* court held: "A defendant has no [statutory] right to make a motion [asking the court to exercise its section 1385 power to strike a strike in furtherance of justice], and the trial court has no obligation to make a ruling, under section 1385. But he or she does have the right to 'invite the court to exercise its power by an application to

8.

strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.' [Citation.] And '[w]hen the balance falls clearly in favor of the defendant, a trial court not only may *but should* exercise the powers granted to him by the Legislature and grant a dismissal in the interests of justice.'" (*People v. Carmony*, *supra*, at p. 375.)

*Loper* extended *Carmony*'s holding, expressly stating there was "no apparent reason" why *Carmony*'s holding—that "'the defendant's inability to move to dismiss [a strike] under section 1385 should not … preclude him or her from raising the [court's] erroneous failure to [strike a strike] on appeal'"—"would not apply to motions for resentencing under section 1170(d)." (*People v. Loper*, *supra*, 60 Cal.4th at p. 1167, italics omitted.) It further concluded "a defendant may appeal an adverse decision on a postjudgment motion or petition if it affects his substantial rights, even if someone else brought the original motion." (*Id.* at p. 1165; see *id.* at pp. 1165–1167 [distinguishing cases in which the court lacked jurisdiction to resentence on its own motion on grounds "their refusal to act on a defective defense motion for resentencing could not have affected any legal rights the defendants in those cases possessed, and the appellate courts properly dismissed the appeals"].)

As in *Carmony*, defendant in this case had no right to make a motion under section 1172.1, and the trial court had no obligation to make a ruling. (See *People v. Carmony*, *supra*, 33 Cal.4th at p. 375, § 1172.1, subd. (c).) But defendant was not precluded from inviting the court to exercise its power under section 1172.1, and as discussed, the court had jurisdiction to recall and resentence defendant.

Here, the court issued an order ruling on defendant's request for relief pursuant to section 1172.1 as amended by Assembly Bill 600, though the court was not required to do so under the plain language of the statute. We see no apparent reason why *Carmony*'s holding—that a defendant's inability to move for relief should not preclude him or her

from raising error on appeal related to the court's decision not to grant relief—should not be extended to the instant circumstances. (See *People v. Loper supra*, 60 Cal.4th at p. 1167.) Accordingly, we conclude the resulting order is appealable pursuant to section 1237, subdivision (b) because it affects the substantial rights of the defendant. (See *Teal v. Superior Court*, *supra*, 60 Cal.4th at p. 600 ["a postjudgment order 'affecting the substantial rights of the party' (§ 1237, subd. (b)) does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto"].) As endorsed in *Loper*, "'[t]he "right" which appellant is asserting is his "right" to receive a sentence which is not disparate when compared to sentences received by other similarly situated convicts. Underlying this is appellant's right to liberty—and to suffer only that deprivation of liberty which his crimes warrant.'" (*People v. Loper*, *supra*, 60 Cal.4th at p. 1163, quoting *People v. Herrera* (1982) 127 Cal.App.3d 590, 596.) Because defendant's section 1172.1 petition for relief (and the court's jurisdiction for that matter) is based upon changes in the sentencing laws since the original sentencing, such an appeal would not "'merely bypass or duplicate appeal from the judgment itself.'" (*People v. Totari* (2002) 28 Cal.4th 876, 882.)

Our sister court recently reached the opposite conclusion—that a court's order denying relief under section 1172.1 is not appealable. (See *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*).) In *Hodge*, the defendant pleaded no contest to three felony counts of battery and assault with a deadly weapon in 2012, and he was sentenced to an aggregate term of 21 years. (*Id*. at p. 991.) On January 5, 2024, after the passage of Assembly Bill 600, the defendant filed a request for recall of sentence and resentencing pursuant to section 1172.1, which the trial court denied in an order that stated, "'The court respectfully declines to exercise its discretion to recall [the defendant]'s sentence.'" (*Hodge*, at p. 991.) The defendant in *Hodge* appealed from the court's order denying his request for relief under section 1172.1, and his counsel filed a brief pursuant to *People v.*

10.

*Delgadillo* (2022) 14 Cal.5th 216 raising no arguable issues.[1] (*Hodge*, at p. 991.) The defendant filed a supplemental brief and the parties subsequently briefed the issue of appealability in response to a court order directing them to do so. (*Ibid.*)

The *Hodge* court concluded the court's denial of the defendant's request for recall of his sentence pursuant to section 1172.1 was an "order," but it was "not appealable"; accordingly, the appeal was dismissed. (*People v. Hodge, supra*, 107 Cal.App.5th at pp. 993–999.) It held the "trial court's decision not to exercise its discretion to recall Hodge's sentence did not affect Hodge's substantial rights under section 1237, subdivision (b), because the trial court had no statutory obligation to act at all on Hodge's request." (*Hodge*, at p. 991; see *id.* at p. 999.) *Hodge* concluded the second sentence in section 1172.1, subdivision (c)—stating a "court is not required to respond" to a defendant's request for consideration for relief under this section—"undermine[s] any claim that defendants have a substantial right at stake when they file an unauthorized request for resentencing." (*Hodge*, at p. 993, 996.) The *Hodge* court reasoned "a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Id.* at p. 996.)

First, we agree with *Hodge* that a court's denial of a defendant's request for relief pursuant to section 1172.1 results in an "order," and section 1172.1, subdivision (c) expressly authorizes a court to refrain from ruling on a petition for recall and resentencing brought by a defendant pursuant to the statute. But we disagree with

---

[1]The defendant in *Hodge* also appealed the court's denial of his motion for relief under the Racial Justice Act (§ 745). (*Hodge, supra*, 107 Cal.App.5th at p. 991.) Because that discussion is not pertinent to the issues raised in this appeal, we do not discuss it further.

11.

*Hodge*'s conclusion that a trial court's order affirmatively denying relief is nonappealable and reflects its choice not to make a decision with regard to the petition. (See *Hodge*, *supra*, 107 Cal.App.5th at pp. 996, 998.) Rather, while a court's order denying such a petition for relief could indicate the court is affirmatively declining the defendant's invitation to consider a reduction in sentence at all, alternatively, it could reflect a denial of the petition on the merits based on a conclusion the defendant is not entitled to relief or, as here, it could be based upon on the mistaken belief that the court lacked jurisdiction to resentence. And, for the reasons discussed earlier, we conclude a denial of a defendant's petition for recall and resentencing pursuant to section 1172.1 can be deemed to affect a defendant's substantial rights. Indeed, *Hodge* concedes "the defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated." (*Hodge*, at p. 996.) However, *Hodge* continues: "[A] defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Ibid.*.) Respectfully, this subsequent conclusion does not follow. Though a trial court is not required to rule on a defendant's request for relief under section 1172.1, when a trial court affirmatively denies a petition, it has, in effect, made a ruling on the petition. And, in doing so, the court's ruling qualifies as an appealable order when it affects a person's substantial rights. However, for the reasons discussed, the question of whether a person's substantial rights are affected is not dependent on whether the person had a right to request the relief denied by the ruling.

*Carmony* and its disapproval of *People v. Benevides* (1998) 64 Cal.App.4th 728 (*Benevides*) supports this conclusion. (See *People v. Carmony*, *supra*, 33 Cal.4th at p. 376.) *Benevides* rejected the defendant's argument that an appellate court has authority "to review a trial court's decision (or nondecision) to not exercise its section 1385 discretion to strike or dismiss a prior conviction on its own motion." (*Benevides*, *supra*,

12.

at p. 733.)  It held, as the *Hodge* court did, "since the defendant has no right to make a motion under section 1385, a trial court is under no obligation to rule on such a 'motion,'" and "if the court does not exercise its power to dismiss or strike, there is no review available to defendant on appeal." (*Benevides*, *supra*, at p. 734.)  *Benevides* reasoned, "There is no authority granting the appellate courts the ability to review a court's informed decision to not exercise its section 1385 power in the furtherance of justice." (*Id*. at p. 735.)  Nevertheless, *Benevides* held where "a trial court's refusal or failure to exercise its section 1385 discretion to dismiss or strike is based on a mistaken belief regarding its authority to do so," "[a]ppellate review is available." (*Ibid*.)

Notably, in *Carmony* the California Supreme Court "reject[ed] *Benevides* to the extent it holds that appellate courts lack authority to review a trial 'court's informed decision not to 'exercise its section 1385 power in furtherance of justice.'" (*People v. Carmony*, *supra*, 33 Cal.4th at p. 375, quoting *Benevides*, *supra*, 64 Cal.App.4th at p. 735.)  *Carmony* held *Benevides*'s reasoning underlying its conclusion that there was no review available to the defendant on appeal was "faulty." (*Carmony*, at p. 375.)  Rather, *Carmony* concluded "the defendant's inability to move to dismiss under section 1385 should not, as suggested by *Benevides*, preclude him or her from raising the erroneous failure to do so on appeal.  [Citation.]  Indeed, the prosecution has the power to appeal a court's decision to strike a prior under section 1385 even though it did not make a motion to do so.  [Citation.]  Thus, as a matter of logic and fairness, the defendant should have the concomitant power to appeal a court's decision not to dismiss a prior under section 1385 even though he or she cannot make a motion to dismiss." (*Carmony*, at p. 376.)

As the court reasoned in *Carmony*, the prosecution would have the power to appeal a court's decision to recall and resentence a defendant, on its own motion, to a lesser sentence under section 1172.1, as amended by Assembly Bill 600, even though it did not make a motion to do so. (See § 1238, subd. (a)(6) [the People may appeal "[a]n order modifying the verdict or finding by reducing … the punishment imposed or

13.

modifying the offense to a lesser offense"].)  And, as a matter of logic and fairness, a defendant should have the concomitant power to appeal a court's decision not to recall and resentence as evidenced by an order affirmatively denying a defendant's request for relief.  (See *Carmony*, *supra*, 33 Cal.4th at p. 376.)  The posture of such a case is distinct from that in which a court fails to rule on the request for relief as permitted by section 1172.1, subdivision (c).

Hodge also stated, "[t]he lack of any statutory constraints on a trial court's decision to decline action on a defendant's request for resentencing under section 1172.1 also means that there would be nothing for this court to review on appeal." (*Hodge*, *supra*, 107 Cal.App.5th at p. 998.)  It concluded "the trial court did not make a sentencing decision:  It simply declined to reconsider a decision it had already made.  There are no discernable criteria for an appellate court to evaluate a trial court's decision *not* to reconsider a sentence on its own motion under section 1172.1." (*Ibid.*)  This conclusion goes too far as evidenced by the situation in this case.  Here, the trial court's decision to decline action on defendant's request for resentencing was based on its mistaken belief it lacked jurisdiction to rule.  As will be discussed *post*, the court abused its discretion in denying relief on this basis.

Additionally, in rendering its conclusion, *Hodge* also relies upon the language in section 1172.1, subdivision (d) regarding a trial court's obligation to advise a defendant of his or her right to appeal and the necessary steps and time for taking an appeal after a ruling on a referral authorized by this section.  (*Hodge*, *supra*, 107 Cal.App.5th at p. 999.) *Hodge* reasons "[t]he absence of any obligation by the trial court to advise the defendant of a right to appeal the denial of the defendant's unauthorized request for resentencing strongly suggests that the Legislature did not intend to create such a right." (*Ibid.*)  But such an analysis sidesteps the pertinent question here—whether an order denying a defendant's request for relief under section 1172.1 affects a defendant's substantial rights.  (See § 1237, subd. (b) [permitting appeal of any order made after judgment that

14.

affects a defendant's substantial rights].)  Because we conclude it does, we disagree with the *Hodge* court's analysis.

Rather, we agree with defendant that the March 5, 2024, order is an appealable order.

### III.    The Court Erred in Concluding It Lacked Jurisdiction to Resentence Defendant, and Remand Is Necessary on that Basis

Defendant next argues the court misunderstood the scope of its discretionary power and remand is appropriate to allow the court to exercise its discretion.  He further contends "[t]he failure to exercise conferred discretion constitutes a denial of a fair hearing and deprivation of fundamental procedural rights and requires reversal."  We agree and conclude remand is necessary.

Here, the court's March 5, 2024, order reflects it mistakenly believed it lacked jurisdiction to resentence defendant.  However, section 1172.1 plainly provides the court with jurisdiction (and discretion) to recall and resentence defendant on its own motion pursuant to section 1172.1 to the extent "the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1); see *People v. Carmony*, *supra*, 33 Cal.4th at p. 375 ["'Discretion is the power to make the decision, one way or the other'"].)  The People do not argue or contend the applicable sentencing laws at the time of the original sentencing have not subsequently changed by statutory authority, which arguably could benefit the defendant in resentencing.

Thus, the court erred in denying relief on the mistaken ground that it lacked jurisdiction to resentence.  And here, the record does not clearly indicate the court would have reached the same conclusion even if it had been aware that it had discretion to recall and resentence.  (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

Accordingly, we conclude remand is appropriate to allow the trial court to exercise its discretion whether to recall and resentence defendant on its own motion as permitted

by section 1172.1.  (See *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425 [when record affirmatively shows court misunderstood its discretion, remand is required unless the record also affirmatively reflects "'"the trial court would not have exercised its discretion even if it believed it could do so"'"]; see also *People v. Gutierrez*, *supra*, 58 Cal.4th at p. 1391 ["'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.  [Citations.]  A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record'"]; *People v. Morrison* (2019) 34 Cal.App.5th 217, 224 [same].)

## DISPOSITION

The court's order denying defendant's section 1172.1 petition for resentencing on the grounds it lacked jurisdiction to resentence is reversed and the matter is remanded for further proceedings consistent with this opinion.


                                                                        PEÑA, J.

WE CONCUR:


HILL, P. J.


SMITH, J.


16.